UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| STEPHEN HANNA, | ) |
|           Petitioner, | ) |
| v. | )    No. 2:24-cv-00134-JPH-MKK |
| WARDEN, | ) |
|           Respondent. | ) |

**ORDER GRANTING RESPONDENT'S
MOTION TO DISMISS PETITION AS MOOT**

This habeas corpus action concerns Petitioner Stephen Hanna's loss of 360 days' earned credit time and a demotion of credit-earning class in prison disciplinary cases ISR-21-01-000010 and ISR-21-01-000043.[1] The Respondent moved to dismiss Mr. Hanna's petition as moot because the Indiana Department of Correction ("IDOC") vacated both disciplinary convictions and restored his grievous losses. Dkt. 14. Mr. Hanna concedes that his convictions were vacated but contends that the Respondent did not restore 180 days' earned credit time for each conviction. Dkts. 16, 20. After reviewing the briefing, the Court ordered the Respondent to submit a supplemental brief in support of his motion to dismiss explaining what the IDOC restored upon vacating Mr. Hanna's convictions and whether the IDOC's actions count as "restoration" under existing case law. Dkt. 21. The Respondent has made the necessary showing, dkt. 26,

---

[1] Mr. Hanna was sanctioned with a deduction of 180 days of earned credit time for each conviction.

1

and the Court **grants** his motion to dismiss, dkt. [14]. Accordingly, this action is **dismissed for lack of jurisdiction because it is moot**.

I. **Applicable Law**

"[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters*, 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). "It is the custody itself that must violate the Constitution. Accordingly, prisoners who are not seeking earlier or immediate release are not seeking habeas corpus relief." *Washington v. Smith*, 564 F.3d 1350, 1350 (7th Cir. 2009). To be "in custody" in the context of a prison disciplinary proceeding, the petitioner must have been deprived of earned credit time, *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or demoted in credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644–45 (7th Cir. 2001).

A habeas action becomes moot when a federal court's ruling will not change the length of the petitioner's custody. *White v. Ind. Parole Bd.*, 266 F.3d 759, 763 (7th Cir. 2001). Thus, a habeas petition is moot when the once-deprived earned credit time has been restored. *Eichwedel v. Curry*, 700 F.3d 275, 278–81 (7th Cir. 2012); *see also Pilgrim v. Brown*, 2019 WL 13198730, at *1 (7th Cir. Jan. 10, 2019) ("It is undisputed that Pilgrim's good-time credits were fully restored, the disciplinary charge was vacated and dismissed, and no collateral consequences are possible. In short, Pilgrim has already received all the relief he sought in his petition. So the case is moot."). Once an action becomes moot, a

federal court must dismiss it for lack of jurisdiction. *See Diaz v. Duckworth*, 143 F.3d 345, 347 (7th Cir. 1998).

## II.  Restoration of Mr. Hanna's Earned Credit Time

The Respondent moves to dismiss the action as moot because the IDOC vacated Mr. Hanna's convictions and restored his earned credit time and credit-earning class. The Respondent has provided evidence showing that the IDOC restored the earned credit time that was deducted as a result of ISR-21-01-000010 and ISR-21-01-000043. Specifically, the Respondent explains that when the IDOC dismisses a disciplinary case, the dismissal decision is entered into DELTA and the time sanctions for deprivation and demotion are removed from the inmate's Credit Action Dashboard ("CAD"). Dkt. 26 at 1. The Respondent attached an email with before and after screenshots of Mr. Hanna's CAD, showing that the IDOC restored 180 days of earned credit time on October 22, 2024, after vacating ISR-21-01-000010. Dkt. 26-1. Prior to the restoration, Mr. Hanna had 12,577 days remaining and after the restoration he had 12,397. *Id.* That same day, the IDOC restored the 180 days that it deducted for ISR-21-01-000043—Mr. Hanna's remaining time went from 12,397 days to 12,217 days. Dkt. 26-2.

Mr. Hanna argues that he is still entitled to relief based on his earliest projected release date ("EPRD"). Dkt. 27. In support, he cites Respondent's original motion to dismiss and the attached declaration from Jennifer Farmer, the Director of Sentence Computation/Release Unit, which explains how Mr. Hanna's credit-earning class made it so that the restoration of his earned credit

3

time in both disciplinary convictions impacted his EPRD by 90 days for each vacated disciplinary conviction. *See* dkt. 19-1 at 1–2.

Ms. Farmer's first declaration is dated December 20, 2024, dkt. 19-1, and her second declaration is dated July 23, 2025, dkt. 26-3 at 4. The second declaration supports Respondent's position that IDOC restored the 180 days of earned credit time that was deducted in ISR 21-01-000010 and the 180 days of earned credit time that was deducted in ISR 21-01-000043. Mr. Hanna has therefore received all the relief that he sought by filing this petition. *See Pilgrim*, 2019 WL 13198730, at *1. Mr. Hanna's EPRD, which may be impacted by credit-earning class and other disciplinary convictions, *see* dkt. 21 at1 n.1, does not show otherwise.

### III. Restoration of Mr. Hanna's Credit-Earning Class

The Respondent has provided evidence showing that the demotions in Mr. Hanna's credit-earning class have been restored. Before the imposition of the sanctions, Mr. Hanna belonged to Time Earned Class 3, which is the lowest class where inmates do not earn any time credit. *See* Ind. Code § 35-50-6-3. Thus, Mr. Hanna's demotions in ISR-21-01-000010 and ISR-21-01-000043 did not impact the amount of time that Mr. Hanna could earn when he received them. As a result of other disciplinary convictions, Mr. Hanna's class level fluctuated. However, by the time that the IDOC vacated ISR-21-01-000010 and ISR-21-01-000043, he had already been promoted to Class 1, which is the highest earning class. Dkt. 26 at 4; dkt. 26-3. Thus, the restoration of his class level did not

impact the amount of time credit that he could earn. Mr. Hanna does not refute this.

### IV.  Conclusion

In short, Mr. Hanna has received all the relief this Court can offer in this case, so it is moot.

The Respondent's motion to dismiss, dkt. [14], is **granted**. This action is **dismissed for lack of jurisdiction because it is moot**. The **clerk is directed** to enter **final judgment**.

**SO ORDERED.**

Date: 9/30/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:
STEPHEN HANNA
967422
WABASH VALLEY - CF
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only

All electronically registered counsel